UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

November 10, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:   *Maxine C. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-0528-BAH

Dear Plaintiff and Counsel:

On March 4, 2022, Plaintiff Maxine C. ("Plaintiff"), who appears *pro se*, petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). Although Plaintiff did not file a motion for summary judgment, but I have considered the SSA's motion for summary judgment and Plaintiff's two filings. *See* ECFs 13, 15, 17. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY the SSA's motion and REMAND the case to the SSA for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on March 11, 2020, alleging a disability onset of December 12, 2019. Tr. 174–83. Plaintiff's claim was denied initially and on reconsideration. Tr. 120–22, 124–26. On June 16, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 77–99. The ALJ left the record open until June 30. Tr. 81. Following the hearing, Plaintiff's counsel submitted additional evidence on July 9, 2021. Tr. 29–54, 56–76. On September 29, 2021, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 10–29. The Appeals Council denied Plaintiff's request for review, Tr. 1–7, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

II.  **THE ALJ'S DECISION**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

---
[1] 42 U.S.C. §§ 301 et seq.

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. § 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since March 11, 2020, the application date." Tr. 15. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "hidradenitis suppurativa (HS); obesity; adjustment disorder predominantly depressed type; anxiety disorder; and posttraumatic stress disorder (PTSD)." Tr. 15. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "hypertension and cannabis dependence." Tr. 16. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 16. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 416.967(b) except she cannot climb ladders, ropes or scaffolds and is limited to occasional crouching or crawling. She is limited to occasional exposure to wetness, humidity, extreme temperatures and must avoid hazards such as moving machinery and unprotected heights. She can perform simple and routine tasks and make simple work related decisions and work that allows for only occasional interaction with the public. She can perform no rapid assembly line work where the work of one affects the work of others and no work requiring strict hourly quotas. She is capable of maintaining concentration, persistence, and pace in at least 2-hour increments then may be off task but any time off task can be accommodated by regular breaks. She can tolerate occasional changes to the routine work setting.

Tr. 18. The ALJ determined that Plaintiff was not able to perform past relevant work as a Hair Stylist (DOT[2] 332.271-018) but could perform other jobs that existed in significant numbers in the

---

[2] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

national economy including Checker (DOT 222.687-010), Routing Clerk (DOT 222.587-038), and Paper Pattern Inspector (DOT 649.687-018). Tr. 23–24. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 25.

### III.  LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *see also Britt v. Saul*, 860 F. App'x 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)) ("A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence."). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) ("[Substantial evidence] means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.  ANALYSIS

I have carefully reviewed the ALJ's decision and the record. When reviewing a *pro se* Social Security appeal, the Court must "(1) examin[e] whether the SSA's decision generally comports with regulations, (2) review[] the ALJ's critical findings for compliance with the law, and (3) determin[e] from the evidentiary record whether substantial evidence supports the ALJ's findings." *Young R. v. Comm'r Soc. Sec. Admin.*, No. SAG-18-2980, 2019 WL 2078637, at *1 (D. Md. May 10, 2019) (quoting *Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005)). Here, the ALJ properly evaluated Plaintiff's claim using the five-step sequential process and complied with relevant regulations and caselaw. But I am nevertheless unable to conclude that the decision is supported by substantial evidence.

The ALJ has a duty to develop the record and consider all the relevant evidence when rendering a decision. *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986) ("[T]he ALJ has a duty to explore all relevant facts and inquire into issues necessary for adequate development of the record and cannot rely on the evidence submitted . . . [that] is inadequate."). "[R]emand is

*Maxine C. v. Kijakazi*
Civil No. 22-0528-BAH
November 10, 2022
Page 4

necessary if the record has evidentiary gaps that result in unfairness or clear prejudice." *Lorenzo H. v. Saul*, No. 8:18-cv-01211-GLS, 2019 WL 3720255, at *2 (D. Md. Aug. 5, 2019) (citing *Fleming v. Barnhart*, 284 F. Supp. 2d 256, 272 (D. Md. 2003)).

Under the regulations, if a claimant does not submit written evidence by the proscribed deadline, the ALJ "may decline to consider or obtain the evidence unless" the missed deadline was a result of certain listed circumstances, including misleading action by the SSA, a claimant's "physical, mental, educational, or linguistic limitation(s)," and "some other unusual, unexpected, or unavoidable circumstance beyond [the claimant's] control." 20 C.F.R. § 416.1435. This last category includes serious illness of the claimant or the claimant's family, damaged or destroyed records, or a source's failure to submit records on time despite the claimant's "active[] and diligent[]" efforts. 20 C.F.R. § 416.1435(b)(3). If one of these circumstances is met, the ALJ "will accept the evidence if he or she has not yet issued a decision." 20 C.F.R. § 416.1435(b). The Social Security Administration's Hearings, Appeals, and Litigation Law Manual ("HALLEX") further instructs that when "[t]he ALJ notifie[s] the claimant and appointed representative . . . of the deadline" and "[t]he claimant or appointed representative (if any) does not submit the evidence or show that the circumstances in [20 C.F.R. § 416.1435(b)] apply," "[t]he ALJ will issue a decision without the additional evidence" and need not "recontact the claimant or appointed representative (if any) before the ALJ issues a decision." HALLEX I-2-7-20. However, "to document all attempts to fully and fairly develop the record, the ALJ *will explain* in the decision any actions taken relating to good cause statements, extensions of the time limit, and non-receipt of evidence." HALLEX I-2-7-20 (emphasis added).

The Fourth Circuit has never spoken directly on the binding effect of HALLEX, and other circuits are split on the issue. *See Mack v. Colvin*, 2014 WL 1366030, at *4 (D.S.C. Mar. 20, 2014) (citing *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000); *Bordes v. Comm'r*, 235 F. App'x 853, 859 (3d Cir. 2007); *Moore v. Apfel*, 216 F.3d 864, 868–69 (9th Cir. 2000); *Calhoun v. Astrue*, 2010 WL 297823 (W.D. Va. Jan. 15, 2010)). Our sister courts in this circuit have "generally adopted the position that, although HALLEX does not have the force of law, a failure to follow its procedures that results in prejudice to the claimant constitutes reversible error." *Mitchell v. Kijakazi*, No. 4:20-cv-04316-DCN-TER, 2022 WL 5434232, at *4 (D.S.C. June 29, 2022), *report and recommendation adopted*, 2022 WL 4494292 (D.S.C. Sept. 28, 2022).

It is not clear whether any of the circumstances outlined in § 416.1435(b) apply in this case, and the ALJ never acknowledged the evidence supplied by Plaintiff after the deadline. At the hearing on June 16, 2021, Plaintiff's then-attorney informed the ALJ that they were awaiting additional medical records, including some from "Skincare Specialty Physicians," to support Plaintiff's claim. Tr. 81. As such, the ALJ indicated the record would remain open until June 30, 2021, and advised that "If you need more time than that, please let me know on or before that date." Tr. 81. On July 9, 2021, Plaintiff's then-attorney faxed to the SSA treatment records from "Skin Care Specialty Physicians" dated between January and June 2021 (Tr. 29–54) and from "Clinical Associates" dated February 2021 (Tr. 56–76), requesting that they be added into the record. The fax timestamps indicate that the two sets of documents, requested on June 3, 2021, were seemingly faxed to Plaintiff's attorney on July 8, 2021, and July 6, 2021, respectively. Tr.

29–54, 56–76. It does not appear from the record that these treatment records were ever admitted into evidence as exhibits. It is clear, however, that the ALJ did not consider these records when rendering a decision on September 29, 2021. *See* Tr. 20 (noting that October 2020 "was the most recent treatment note for her HS"). Nor did the ALJ explain "any actions taken relating to . . . non-receipt" of the medical records submitted by Plaintiff's counsel almost three months earlier on July 9. HALLEX I-2-7-20.

Fairness principles counsel in favor of remand here. *See Lorenzo H.*, 2019 WL 3720255, at *2. The ALJ's failure to acknowledge the non-receipt of this evidence and/or consider it was prejudicial to Plaintiff because the ALJ may have reached a different conclusion had they considered this evidence. The treatment notes in the late-submitted evidence indicate that Plaintiff's HS was getting "worse, many painful lesions of B/L axilla & groin" (Tr. 68) and that she had been consistently seeking treatment after October 2020. *See* Tr. 43 (noting Plaintiff's "1/8/2021" and "3/8/2021" visits to address her HS), 49 (noting Plaintiff's "4/26/2021" visit to address her HS), 68 (noting that her HS was "worse" during a February 25, 2021, visit). It is not my role to evaluate this evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ, however, "has a duty to resolve [conflicting medical evidence]." *Richardson v. Perales*, 402 U.S. 389, 399 (1971). The ALJ here clearly did not resolve the conflict between this evidence and the evidence in the record that led the ALJ to conclude that Plaintiff's "treatment is sporadic and conservative." Tr. 22. Nor did the ALJ explain why considering this evidence was improper as required by HALLEX I-2-7-20. Remand is therefore appropriate. *See Jackson v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-3956, 2017 WL 1953227, at *3 (D. Md. May 9, 2017) (noting that when "other new and material medical evidence is submitted before this Court," remand to the SSA is appropriate (citing *Huckabee v. Richardson*, 468 F.2d 1380, 1381 (4th Cir. 1972))), *aff'd*, 696 F. App'x 650 (4th Cir. 2017). I express no view on the ALJ's ultimate conclusion on remand.

## V.     CONCLUSION

For the reasons set forth herein, Defendant's motion for summary judgment, ECF 15, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge
